UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHNATHAN THORNTON, *Plaintiff*, v. HUGHIE DUVALL HUNT, *Defendant*. | Civil Action No. 25-865 (SLS) Judge Sparkle L. Sooknanan |

**MEMORANDUM OPINION**

In this action, Johnathan Thornton, a District of Columbia resident appearing pro se, sues his former attorney, Hughie Duvall Hunt, a resident of Maryland. Mr. Thornton claims that Mr. Hunt "did not follow thru [sic] with his contract obligations." Compl. at 4, ECF No. 1. He alleges that "after we won the 'judgment' in federal court," Mr. Hunt "abandoned the case which means I was never awarded or compensated because" of Mr. Hunt's "false statement." *Id*. Mr. Thornton seeks "to be compensated or awarded what the [Judge] has ordered." *Id*. His Complaint does not specify the amount in controversy, but his Opposition attaches various documents stating that he was awarded $50,000 in prior litigation where Mr. Hunt served as his counsel. ECF No. 9, at 6–7. Mr. Hunt has moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 6. The Court recognizes that Mr. Thornton is frustrated because of his inability to obtain a prior judgment. But because the Court has no authority to consider these contractual claims, it must grant Mr. Hunt's motion under Rule 12(b)(1) for lack of subject-matter jurisdiction.

The Court draws the facts, accepted as true, from Mr. Thornton's Complaint. *Wright v. Eugene & Agnes E. Meyer Found.*, 68 F.4th 612, 619 (D.C. Cir. 2023). Because Mr. Thornton is

proceeding pro se, the Court considers the Complaint "in light of all filings, including filings responsive to [the] motion to dismiss."[1] *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015) (per curiam) (cleaned up).

A federal "court must assure itself of the existence of subject-matter jurisdiction before reaching the merits" of a claim. *Kaplan v. Cent. Bank of the Islamic Republic of Iran*, 896 F.3d 501, 511 (D.C. Cir. 2018). Without subject-matter jurisdiction, a court "has no authority to address the dispute presented," *Lovitky v. Trump*, 949 F.3d 753, 763 (D.C. Cir. 2020) (quoting *Attias v. Carefirst, Inc.*, 865 F.3d 620, 624 (D.C. Cir. 2017)), and must dismiss the action, Fed. R. Civ. P. 12(h)(3).

District courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and civil actions where the parties are of diverse citizenship and the amount in controversy exceeds "the sum or value of $75,000, exclusive of interest and costs," *id*. § 1332(a). For jurisdiction to exist under Section 1332, the complaint must allege the threshold dollar amount and establish "complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007). Because the citizenship requirement is "assessed at the time the suit is filed," the plaintiff bears the burden of pleading each party's citizenship. *Id.* at 70–71.

Mr. Thornton's Complaint does not present a federal question or establish diversity jurisdiction. In the jurisdictional section of the form Complaint, Mr. Thornton checks the "Federal

---

[1] Mr. Thornton attached various exhibits to his Opposition to Mr. Hunt's Motion to Dismiss, including a letter he wrote to Judge Carl J. Nichols in connection with a different lawsuit, a letter from Mr. Hunt to Mr. Thornton about a $50,000 judgment in connection with a lawsuit in the District of Maryland, and what appears to be an intake form from the D.C. Bar Pro Bono Center. *See* ECF No. 9.

question" box. Compl. at 3. But "[f]or a case to raise a federal question within the scope of 28 U.S.C. § 1331, it must implicate some provision of substantive federal law," *Youkelsone v. FDIC*, 560 F. App'x. 4, 5 (D.C. Cir. 2014) (per curiam), which this contract action does not. And Mr. Thornton does not establish diversity jurisdiction. The Complaint alleges that Mr. Thornton is a resident of the District, and that Mr. Hunt is a resident of Maryland. Compl. at 1–2. Even assuming that these allegations are sufficient to plead complete diversity between the Parties, *but see Novak v. Cap. Mgmt. & Dev. Corp.*, 452 F.3d 902, 906 (D.C. Cir. 2006) (An "allegation of residence alone" does not suffice to establish the "essential element" of diversity of citizenship. (quoting *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 n.20 (D.C. Cir. 1983) (emphasis omitted))), the Complaint does not allege that the amount in controversy exceeds $75,000. Mr. Thornton's Complaint is silent about the amount in dispute. But his Opposition and the accompanying attachments suggest that he seeks to collect a prior $50,000 judgment, which falls short of the jurisdictional minimum. Again, the Court understands Mr. Thornton's frustrations. In these circumstances, however, it has no jurisdiction to consider his claim.

      For these reasons, the Court grants Mr. Hunt's Motion to Dismiss, ECF No. 6. A separate order will issue.

                                                                         SPARKLE L. SOOKNANAN
                                                                         United States District Judge

Date:   January 27, 2026